UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

PETER THOMAS HARRELL,

        Defendant.
                                        /

NO. CR. S-05-475 LKK

O R D E R

Pending before the court is defendant's motion for return of property. At a hearing on April 17, 2007, the parties stipulated to submit the motion on the papers and defendant waived his objection to the government's reliance on the declarations of Donald Toy. Both parties withdrew their request for an evidentiary hearing. Accordingly, the court decides the matter based on the papers.

**I.**

**Background**

On October 27, 2004, the Siskiyou County Sheriff's office,

pursuant to a search warrant, seized various items of personal property from the residence of Peter Harrell (defendant). On July 25, 2006, the court granted defendant's motion to suppress the evidence seized from his residence. On December 7, 2006, the criminal case against defendant was dismissed. Defendant now seeks to have returned to him property consisting of satellite television receivers, DISH "smartcards," and other related electronics, CDs, computers and hard drives.

## II.

## Applicable Law

Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). The Advisory Committee suggests that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." Fed. R. Crim. P. 41(g) advisory committee notes, 1989. "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the

2

property would become unreasonable." Id.

When the property in question is no longer needed either because trial is complete, or, as here, the government prosecution has been abandoned, "the person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987).

### III.

### Analysis

The court has reviewed the briefs submitted by the parties as well as the supporting declarations and exhibits. The parties agree that certain property should be returned to defendant, and therefore, the court does not address these items.[1]

The parties dispute whether the government should return eighteen modified DISH network receivers.[2] Defendant's position is that the receivers do not have smartcards attached to them and therefore, they cannot receive, decrypt, or pirate any signals. Defendant also maintains that none of the receivers have ever received any unauthorized signals. See Def.'s Reply Br. at 3:9-17.

In response, the government maintains that the receivers in

---

[1] Specifically, the parties agree that the following should be returned to defendant: Blue Cards (032SW), Hard Drives (002CS & 003CS), Remote Control (10SW), Unmodified Receivers (013SW, 014SW, 025SW-031SW), paperwork (018SW) and computer (034SW).

[2] The government seeks to retain the following receivers: 001SW-009SW, 004CS, 011SW, 012SW, 015SW-019SW & 024SW.

3

question have in fact been modified to receive illegal satellite signals. In support of its position, the government relies the declarations of Donald Toy, a manager of the Signal Integrity Division for EchoStat Technologies Corporation, DBA DISH Network and Lead Investigator/Supervisor of Investigations.[3] Mr. Toy concludes that the receivers in question have been modified or altered to receive unauthorized programming. Mr. Toy based his opinion on the fact that the boxkeys of the receivers were written on the bottom of the units, there was scratches and marks on the J-TAG ports of the receivers, and "information from the non-volatile memories indicate that [the] receivers have been receiving authorized programming." Toy Decl. at 1:11-18. Given that defendant does not object to Mr. Toy's declaration, the court accepts Mr. Toy's conclusion that the receivers have been illegally modified and are capable of receiving unauthorized programing.

Illegally modified satellite receivers are contraband per se pursuant to 18 U.S.C. § 1029 (a)(7), which makes it a crime to possess a "telecommunications instrument that has been modified or altered to obtain unauthorized use or telecommunications services." 18 U.S.C. § 1029 (a)(7). The satellite receivers therefore constitute contraband per se under 18 U.S.C. § 1029 (a)(7).

Defendant cannot seek return of contraband per se pursuant to

---

[3] The government concedes that the declarations are inadmissable, however, defendant waived his hearsay objection and original request to cross examine Mr. Toy. The parties agree that the court may rely on the declarations in resolving the pending motion.

4

Rule 41(g). See United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991) (explaining that a "defendant's Rule 41[g] motion for return of property . . . may be denied if the defendant is not entitled to lawful possession of the seized property, [or] the property is contraband . . ."). For these reasons, defendant cannot have returned to him these modified DISH network receivers.

There is also some dispute over miscellaneous smartcard programming electronics (item # 020SW) and miscellaneous CDs with satellite programs (item # 021SW). Defendant asks that all cables and adaptors be returned as well as any items which have "no piracy application." Def.'s Mot. at 11:20.

The government agrees to return all cables and adaptors, but argues that the remainder of the items cannot be returned as they are contraband per se. In support of its position, the government relies on the declarations of Mr. Toy. Mr. Toy evaluated the items in question and determined that the smartcards had been altered and that there is no legitimate use for the smartcards. See Supp. Toy Decl. at 2:11-23. Similarly, Mr. Toy also determined that the CDs in question contained pirating software and were used to modify DISH network receivers. See Toy Decl. at 2:23-3:3.

Given that defendant waived his objection to Mr. Toy's declarations and opted to not cross examine Mr. Toy, the court accepts Mr. Toy's conclusions as fact. The court therefore construes items 020SW and 021SW as capable of pirating and/or having been illegally altered. Given that defendant does not seek to have returned to him any items which are capable of pirating,

1 see Def.'s Mot. at 11, the court finds that items 020SW and 021SW
2 should not be returned to him.  (However, defendant is entitled to
3 have returned to him any cables and adaptors.)
4     For the reasons discussed, the court orders as follows:
5     1.   Defendant's Motion for Return of Property is granted in
6          part and denied in part.  The government shall return to
7          defendant the following items: blue cards (item #
8          032SW), hard drives (item #s 002CS & 003CS), remote
9          control (item # 10SW), unmodified receivers (item #s
10         013SW, 014SW, 025SW-031SW), paperwork (item # 018SW)
11         computer (item # 034SW), and various cables and adaptors
12         associated with items # 020SW and # 022SW.  The
13         government shall retain the remainder of the property in
14         question.
15    IT IS SO ORDERED.
16    DATED: May 1, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6